■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN BATTAGLIA, Appellant.— Motion granted and time for argument of appeal enlarged to include May 1960 Term.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEROME DOOLING and CLARA M. DOOLING, Appellants.— Motion granted, and time enlarged to include March 1960 Term on condition that record and appellants' briefs are filed and served on or before February 1, 1960 and case argued at March 1960 Term.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND M. WATERMAN, Appellant.— Motion granted to appeal on original papers and five typewritten briefs.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAWRENCE MILLS, Appellant, against W. WILKINS, as Warden, Respondent.— Motion to appeal as a poor person and for other relief denied on the ground that the papers fail to show merit to the appeal.

## (January 15, 1960)

■ FRED F. EMDEN, Respondent, v. MARTIN AUTOMATIC FISHING REEL COMPANY, INC., Appellant.— Order insofar as it denies defendant's motion for summary judgment affirmed, and in all other respects order reversed and plaintiff's motion denied, without costs of this appeal to either party. Memorandum: Special Term struck out the allegations of paragraphs Sixth, Seventh, Eighth and Ninth of the amended answer. Paragraphs Sixth and Seventh state in substance that plaintiff's alleged contingent fee agreement is invalid under the regulations of the United States Treasury Department. Although it does not clearly appear that these regulations apply to the contingent fee contract in question, it is likewise not clear that they might not apply. The plaintiff's motion was to strike certain defenses under rule 103 of the Rules of Civil Practice as irrelevant and redundant and tending to prejudice and delay the fair trial of the action. We do not find that they will have such an effect and we see no harm in permitting them to remain in the answer pending the development of the facts. As to paragraphs Eighth and Ninth, the essence of which is that the plaintiff, not an attorney, was engaged in the practice of law in his alleged services rendered to the defendant, we also find that these defenses should remain until the facts are fully developed. They may apply. (See Matter of New York County Lawyers Assn. [Bercu], 273 App. Div. 524, affd. 299 N. Y. 728; Realty Appraisals Co. v. Astor-Broadway Corp., 5 A D 2d 36, 38; 9 A. L. R. 2d 797.) The motion for summary judgment by the defendant was properly denied because there were material issues of fact. All concur. (Appeal from an order of Herkimer County Court striking out certain paragraphs of defendant's amended answer, and denying defendant's cross motion for summary judgment.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ. [6 Misc 2d 348.]

■ JAMES P. SMITH, Appellant, v. NORMAN C. ELLER, Respondent. BETTY SMITH, Appellant, v. NORMAN C. ELLER, Respondent.— Order affirmed, with $10 costs and disbursements.— All concur. (Appeal from an order of Monroe Special Term denying a motion by plaintiffs to strike from defendant's answers the defense of release.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.